UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:11-CR-139 JD |
| ) | |
| TIMOTHY JOHNSON ) | |

### Memorandum Opinion and Order

Now before the Court is the Defendant, Timothy Johnson's motion to suppress DNA evidence taken from his person under a search warrant. Johnson filed his motion on March 15, 2012, the government responded on April 16, and Johnson replied on May 14, 2012. *See* DE 25, DE 29, DE 35. Johnson contends that the affidavit supporting the search warrant did not provide probable cause because it cited a confidential informant but gave no facts indicating whether the informant was reliable. The government argues that there was ample probable cause and that no evidentiary hearing is needed. The Court agrees with the government on both counts and denies the motion.

### I. Background

On July 16, 2007, two men robbed a First Source Bank in South Bend, Indiana. They wore nylon masks, clear plastic gloves and one of the men wore a red jacket. After demanding and receiving money from the tellers, they fled in a silver Buick sedan. The police officers located the sedan minutes later, along with money that had been stained with red dye. A block away, they also found a red jacket and a clear plastic glove with similar red dye stains. Evidence technicians collected DNA evidence from the gloves. Two days later, a confidential informant identified Timothy Johnson to police as a possible suspect; investigators contacted Johnson the next day, and he denied any involvement with the robbery. Counsel suggest in their briefs that the confidential informant was "anonymous," although the affidavit makes no reference to this fact.

In January 2008, the police submitted the DNA evidence recovered from the plastic gloves

to the Indiana State Police Laboratory. In July, the test results were returned and matched the DNA on the gloves to Johnson's DNA, which was on file from his previous incarceration in the Indiana Department of Corrections. This is known as a "CODIS" ("Combined DNA Index System") hit. The "Certificate of Analysis" asked the South Bend police "to submit an evidentiary DNA standard (such as blood standard in a purple top tube or an oral standard) from Timothy Johnson" for confirmation purposes. Six months later, in January 2009, Officer Gary Hasbrook of the South Bend Police Department submitted an affidavit laying out the details of the investigation, including the tip from the confidential informant and the results of the DNA examination. Based on this affidavit, a St. Joseph Superior Court Judge issued a search warrant authorizing the collection of an evidentiary DNA oral standard from Johnson.

## II. Analysis

When, as here, an affidavit is the only evidence presented in support of a search warrant, the validity of the warrant turns on the strength of the affidavit. *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003). "Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *Id.* at 756. Further, to be entitled to a suppression hearing, a defendant must present "definite, specific, detailed, and nonconjectural" facts that justify relief. *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986).

In this case, the affidavit provided two reasons to believe that Johnson was connected to the July 16, 2007 bank robbery. First, the affidavit relates that a confidential informant implicated Johnson in the robbery two days after it took place. Second, the affidavit describes DNA evidence recovered from gloves found near the getaway car. The gloves matched a description of the plastic gloves worn by the bank robbers and were marked with red dye. This DNA evidence was matched

with DNA evidence associated with Johnson in a state police database.

Johnson focuses most of his argument on the confidential informant's tip. He argues that the judicial officer could not have relied on this tip because there was no facts establishing the informant's credibility. Moreover, he argues that the police improperly omitted credibility-related information, such as whether the informant had any criminal history, from the affidavit. This omission, he contends, entitles him to an evidentiary hearing to discover whether such information exists and whether the police were aware of it. *See United States v. Hoffman*, 519 F.3d 672, 675 (7th Cir. 2008) ("A defendant may also challenge an affidavit by demonstrating that the affiant intentionally or recklessly omitted material information."). He does not challenge the collection methods or testing procedures for either DNA sample. Nor does he challenge the legality of the *first* collection of DNA and its inclusion in the CODIS database. *See Green v. Berge*, 354 F.3d 675, 679 (7th Cir. 2004) (upholding a Wisconsin statute compelling prisoners convicted of felonies to submit a DNA sample).

Johnson's arguments fail for three reasons. First, the reliability of the confidential informant is not material to the validity of the search warrant because probable cause was established on the basis of the DNA match alone. Even if the affidavit had contained no reference to the tip from a confidential informant, the Court believes that there would have been probable cause based on the match alone. *See United States v. McNeill*, CRIM. 06-373, 2007 WL 2234516 (W.D. Pa. Aug. 2, 2007) (upholding search warrant based on match between DNA found on cigarette linked to crime and database record).While there is certainly the possibility of a false positive, virtual certainty is not required for probable cause. The Court holds that the CODIS hit is sufficient to create a fair probability that Johnson's DNA would match the DNA linked to the crime.

Second, even if the CODIS hit is not, standing alone, sufficient for probable cause and the

3

informant's credibility is thus material to the probable cause determination, the mere omission of an informant's criminal background or motive to provide information does not invalidate a warrant where the remainder of the affidavit establishes that the informant was reliable. *United States v. Taylor*, 471 F.3d 832, 840 (7th Cir. 2006). An informant's reliability is determined based on the totality of the circumstances, an inquiry which includes: "(1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and the police officer's application for the search warrant." *United States v. Sims*, 551 F.3d 640, 644 (7th Cir. 2008). "No one factor is dispositive, however. . . . [and] a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability. *United States v. Brack*, 188 F.3d 748, 756 (7th Cir. 1999) (citing *Illinois v. Gates*, 462 U.S. 213, 243 (1983)). In this case, the strong corroboration of the informant's tip with DNA evidence already on file was sufficient to overcome the lack of other details in the affidavit concerning reliability. The fact that police found DNA linked to the bank robbery that matched DNA records in the CODIS database provides ample "indicia of reliability" of the informant's tip. *See Florida v. J.L.*, 529 U.S. 266, 270-71 (2000).

Third, Johnson's argument for suppression—or even a hearing—fails because he has provided no reason for the Court to believe that any information impinging the informant's credibility exists or was known to the police. The government represents that the informant in this case was anonymous, and although the affidavit is silent on this point and the government provides no other citation, Johnson appears to accept this representation in his reply brief. If this is the case, how could the police have known whether the informant had a criminal history or a motive to lie, much less included this information in the affidavit? Ultimately, whether the tip was anonymous or

merely confidential does not matter in this case. Johnson has presented no facts, specific or otherwise, suggesting that the informant was unreliable or that the police omitted information, material or otherwise, from the search warrant affidavit. Without any facts suggesting that the police omitted information recklessly or in bad faith, the good faith exception of *United States v. Leon*, 468 U.S. 897, 926 (1984) would protect the officers' reasonable reliance on a subsequently invalidated search warrant. In this case, the officers decision to obtain a search warrant is *prima facie* evidence of the officers' good faith. *See United States v. Otero*, 495 F.3d 393, 398 (7th Cir. 2007). Further, none of the exceptions to *Leon* apply. Courts have not held materially similar warrants invalid and the affidavit was not so deficient that a reasonably well-trained officer would have known that probable cause was lacking. *See United States v. Koerth*, 312 F.3d 862, 869 (7th Cir. 2002). Nor is there any evidence that the judicial officer abandoned his detached and neutral role. *See Otero*, 495 F.3d at 398.

Johnson makes two other arguments, which warrant but a brief discussion. First, he argues that if the original test that matched the DNA evidence from the glove with his information in the database was conclusive enough to establish probable cause, then the fresh invasion of his bodily integrity was unwarranted and unnecessary. Johnson cites no authority for this argument, and the Court is aware of none. A search warrant is not invalidated because law enforcement may already have sufficient evidence to prosecute a crime. Moreover, there is a difference between the degree of certainty required for probable cause and that required to convict beyond a reasonable doubt. Second, Johnson argues that the lapse of six months between the July 2008 database match and the January 2009 search warrant was far too long and should count against probable cause. The Court notes that Johnson does not argue that the age of the DNA evidence itself undermines probable cause, but rather the time between the informant's tip, the preliminary testing, and the application for a search warrant. While the age of the inculpatory information is considered as part of the totality

of the circumstances in determining an informant's reliability, as noted above, nothing in the passage of time in this case casts any doubt on the reliability of the information. Nor was there any possibility that evidence of a crime—DNA matching that recovered from the glove—would not be found on Johnson. *See United States v. Pless*, 982 F.2d 1118, 1126 (7th Cir. 1992) ("[A]ge is only one factor, and if other factors indicate that the information is reliable and that the object of the search will still be on the premises, the magistrate should not hesitate to issue the warrant." (citations and marks omitted)).

The Court thus concludes that the search warrant in this case was supported by probable cause based on the DNA match standing alone, and that the DNA match amply corroborated the confidential informant's tip. Because of this, other credibility information in the affidavit was unnecessary, and whether such information existed or was recklessly or intentionally withheld is immaterial to the probable cause determination. Johnson has therefore failed to present "definite, specific, detailed, and nonconjectural" facts that justify an evidentiary hearing. *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Suppress [DE 25] and his request for a suppression hearing.

SO ORDERED.

ENTERED:  June 4, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court

6